MARK W. HENDRICKSEN, WSBA #15,542
WELLS ST. JOHN, P.S.
601 W. Main Avenue, Suite 600
Spokane, WA 99201-0613
Tel:  (509) 624-4276
Fax:  (509) 838-3424
Email: mhendricksen@wellsstjohn.com

Attorneys for Plaintiffs
No-Li Brewhouse LLC

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NO-LI BREWHOUSE, LLC, a Washington limited liability corporation,<br><br>      Plaintiff,<br><br>      vs.<br><br>AMERICAN BEVERAGE CRAFTS, LLC, a Delaware limited liability company, dba RED HOOK, INC, dba REDHOOK ALE BREWERY, dba REDHOOK BREWERY,<br><br>      Defendant. | Case No.:<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br><br>JURY DEMAND |

## NATURE OF ACTION

This is an action by No-Li Brewhouse, LLC, a Washington limited liability company ("No-Li"), for the infringement of its trademark rights in "Big Juicy" for beer.  No-Li is the owner of common law trademark rights to "Big Juicy" and owns incontestable U.S. Trademark Registration No. 5,302,144 (the "Trademark Registration" – Exhibit 1).

**PARTIES**

1.     No-Li Brewhouse, LLC, is a Washington limited liability company ("No-Li"), with its principal place of business and registered office at 1003 E Trent Avenue, Suite 170, Spokane, Washington 99202-2185 USA.

2.     Defendant American Beverage Crafts, LLC, is a Delaware limited liability company ("American Beverage") with is principal place of business at 195 Ottley Drive NE, Atlanta, Georgia 30324 USA, with its Registered Agent in the State of Washington being Corporation Services Company, 300 Deschutes Way SW, Ste 208 MC-CSC1, Tumwater, WA 98501.   American Beverage does business as, among other trade names, Redhook Ale Brewery and Redhook Brewery.

3.     Defendant American Beverage is believed to be at least partially owned and controlled by a cannabis-based group of companies, the Tilray group, headquartered in New York City.

4.     The Tilray group of companies is an international group with its sales approaching $1 billion.  The Tilray group is believed to operate and control its cannabis and beer businesses (including American Beverage) through one or more of the following Tilray group companies:   Tilray Brands LLC, Tilray ABC, LLC, Tilray Beverages Properties, LLC, Tilray LLC, Tilray Services 1. LLC, Tilray Merger Sub.M, Inc, Tilray Beverages LLC.

5.     Representatives from the Tilray group of companies are interwoven with the Defendant and communicate to Defendant's distribution channels using the Tilray name. Defendant American Beverage Crafts communicates with its distributors as American Beverage Crafts, Tilray Co.

Complaint for Trademark Infringement
and Unfair Competition - 2

6.      The following was reported in Seattle area media, stating as follows: *RedHook was founded in a Ballard transmission shop in 1981, when the craft beer industry was in its infancy. In 1986, it released its most well-known beer, the Extra Special Bitter, which is still a mainstay of Seattle supermarket shelves, and in 1994 Anheuser-Busch bought a 25 percent stake in the brewery. This investment enabled the company to expand, and it built a massive new brewing facility in Woodinville (and another one in New Hampshire) in 1996. In 2008, Redhook merged with fellow Northwest-based brewers Widmer Brothers to form the Craft Beer Alliance, and that company was bought entirely by Anheuser-Busch in 2019.  This acquisition by Tilray, which also bought Widmer Brothers, Shock Top, Blue Point, and a handful of other beer brands, is another chapter in this fairly convoluted story.*

## JURISDICTION AND VENUE

7.      **Personal Jurisdiction**.  This Court has personal jurisdiction over the Defendant in this matter as they have transacted business within the State of Washington and have perpetrated and will continue to perpetrate the acts complained of within the State of Washington.  The Defendant has already commenced the promotion, marketing, distribution and/or sale of beer utilizing No-Li's "Big Juicy" trademark, including within the Eastern District of Washington.

8.      **Subject Matter Jurisdiction**.   This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (federal question), and 28 U.S.C. §1338 (trademark jurisdiction, unfair competition).  The acts of the Defendant have occurred in commerce in the State of Washington and in the United States.

Complaint for Trademark Infringement
and Unfair Competition - 3

9.      **Supplemental Jurisdiction**.  This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367, as any other claims are so related to the claims in the action within this original jurisdiction that they form part of the same case or controversy.

10.      **Venue**. The U.S. District Court for the Eastern District of Washington has venue over this matter pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this district, as well as the effects of Defendant's actions.

## FACTUAL BACKGROUND

### Plaintiff's Activities

11.      No-Li Brewhouse is a family-owned local business.  No-Li is a successor company to The Northern Lights Brewing Co. and was formed in 2012 to take over the operations and business.  Since commencing operations as No-Li Brewhouse, No-Li has well-established itself widely throughout the Northwest, nationally and internationally amongst craft brewers, for the quality of its beer.  No-Li has achieved great success and is very well known in the Northwest.

12.      **No-Li Awards and Accolades**.  The following are some of the awards and accolades that No-Li has received in the beer industry:

   a.  USA Today — Best Beer Garden in USA: https://www.spokesman.com/stories/2024/mar/26/no-li-awarded-third-best-beer-garden-in-us-accordi/
   b.  Inlander #1 Award Winning Brewery in the USA: https://www.inlander.com/special-guides/no-li-brewhouse-has-won-more-international-beer-awards-than-any-other-brewery-again-25507547
   c.  No-Li Brewhouse in Times Square: https://www.brewbound.com/news/no-li-brewhouse-featured-on-nyc-nasdaq-board-in-times-square/
   d.  No-Li's Big Juicy beer was promoted and sold at Seattle Mariner baseball games (see image below).



13.    **No-Li Community Involvement/Recognition**.  No-Li is also very active in the communities in the Northwest and is frequently featured in the media for such activities and for all of the benefits No-Li has bestowed on the community and charities within the community. Examples of articles commemorating No-Li involvement are as follows:

a.  **No-Li 25 days of Christmas** — https://washingtonbeerblog.com/the-25-days-of-christmas-returns-to-no-li-brewhouse/

b.  **No-Li Medical Lake Fires** — https://www.kxly.com/news/finding-the-helpers-spokane-community-fundraising-for-medical-lake-elk-fire-victims/article_a8c6e918-4081-11ee-933c-b7b60c26c10d.html

c.  **No-Li Brewhouse Black Lens** — https://www.spokesman.com/stories/2024/jan/14/no-li-donates-to-the-black-lens-challenges-others-/

d.  **2024 Snowgaze Case Sale, Giving Back Spokane** — https://www.spokesman.com/stories/2024/jan/24/no-li-brewhouse-to-donate-10000-of-proceeds-from-e/

e.  No-Li was a partner in the largest 3 on 3 basketball tournament in the world in Spokane in 2023, and featured its "Big Juicy" trademark in connection with the promotion (see image below).

f.  In a December 29, 2021, article in the Spokesman Review newspaper entitled "Difference Makers:  For No-Li Brewhouse owners John and Cindy Bryant, giving is 'an honor'", No-Li was recognized for its community and charity involvement:

> *During the pandemic, as their brewery struggled just as many other local businesses did, the Bryants raised and donated more than $550,000 to*

Complaint for Trademark Infringement
and Unfair Competition - 5

*more than 75 businesses through many efforts, including their annual 25 Days of Christmas, during which No-Li donates money to one charity each day for 25 days. They also have formed deep partnerships with local organizations, including Spokane Quaranteam, Spokane Food Fighters and Toys for Tots.*

g.  In another example, No-Li lead a fundraiser for a woman whose house caught on fire in Otis Orchards Washington, and donated 100% of every dollar from the sale of Big Juicy to the fund for the family (see image below).





14. **The No-Li "Big Juicy" U.S. Trademark**.   On December 4, 2015, No-Li filed an intent-to-use trademark application for its "Big Juicy" trademark with the U.S. Trademark Office.   After an examination of the trademark application, on January 24, 2017, the U.S. Trademark Office issued its Notice of Allowance, thereby granting the application subject to the filing of a Statement of Use. After the filing of an acceptable Statement of Use, the U.S. Trademark Office issued No-Li a trademark Registration Certificate (Exhibit 1).  The No-Li Big Juicy Trademark Registration is for the words only, meaning that others cannot change the font or add decorative or design elements to claim distinction from the registration.

15. **The "Incontestability" of No-Li's "Big Juicy" U.S. Trademark Registration.** On January 25, 2023, No-Li filed Section 8 and Section 15 Declarations to prove continued use of the Big Juicy trademark for over five years and that it met the requirement to be deemed incontestable.   On July 20, 2023, the U.S. Trademark Office issued a Notice of Acceptance Acknowledgment of the Declarations (Exhibit 2), rendering the No-Li "Big Juicy" U.S. Trademark Registration incontestable under U.S. law.  The effect and benefits of incontestability of a U.S. trademark registration under 15 U.S.C 1065, are as follows:

> Except on a ground for which application to cancel may be filed at any time under paragraphs (3) and (5) of section 1064 of this title .  .  .  The right of the owner to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, **shall be incontestable** .  .  .

16. Since commencing use of the "Big Juicy" trademark at least as early as March 30, 2016, No-Li has continuously and extensively marketed, promoted and sold its Big Juicy beer throughout the Northwest, and elsewhere. The No-Li Big Juicy beer has become No-Li's top selling beer and has become widely known and popular in the Northwest.  Until now, No-Li is

Complaint for Trademark Infringement
and Unfair Competition - 7

not aware of any other brewery that currently uses the term "Big Juicy" in connection with the sale of beer.

17.    The No-Li Big Juicy beer has been sold in grocery stores, restaurants, breweries and pubs throughout the Northwest, to which its beer is shipped in commerce.  No-Li promotes its "Big Juicy" beer through many trade channels, including social media such as Facebook, Instagram and Tik Tok.

18.    Notably, the No-Li Big Juicy beer has been sold in Defendant's own Red Hook brewery (aka the Redhook Brewlab).  No-Li received an award as the #1 brewery in the state of Washington in 2015.

19.    The following photographic image shows a lineup of No-Li's beers, including its Big Juicy beer in a can.



20.    The following are some of the awards, medals and recognition that No-Li's trademarked "Big Juicy" beer has received:

  a. 2020 U.S. Open Beer Championship, No-Li Big Juicy IPA – Silver
  b. 2023 "12 Annual Best of Northwest Beer" magazine, rated No-Li's Big Juicy a Double Gold (Sip Magazine is a publication that Defendant recently promoted its Big Juicy Ballard in)

c.  2024 Berlin, Germany International Beer Competition Silver: Big Juicy IPA
d.  2023 Asian International Beer Competition – Singapore Gold: Big Juicy IPA
e.  2023 Japan International Beer Cup Bronze: Big Juicy IPA
f.  2023 Euro Star Beer Awards - Munich, Germany  Bronze: Big Juicy
g.  2023 Berlin, Germany International Beer Competition Gold: Big Juicy IPA
h.  2022 Berlin International Beer Competition Gold: Big Juicy IPA
i.  2022 Aro Rojo Mexico International Beer Competition Bronze: Big Juicy IPA
j.  2021 Berlin, Germany International Beer Competition Big Juicy IPA: Gold
k.  2021 Brussels Beer Challenge - Brussels, Belgium Big Juicy IPA: Bronze
l.  2021 International Best Beer Awards: Paris, France Big Juicy IPA: Gold
m.  2020 US Beer Open Championship Silver: Big Juicy IPA
n.  2017 Australian International Beer Awards  Silver Medal: Big Juicy IPA

**Defendant's Activities**

21.    The photographic image below is from the Redhook Instagram page and shows a keg of No-Li "Big Juicy" being promoted prior to April 20, 2024.  However, when a No-Li representative went to the Defendant's Redhook Brewlab on that day, he was told that they no longer carry No-Li's "Big Juicy", but instead carry the Redhook "Big Juicy".

22.    The words "Big Juicy" appear on the promotional flyer in the image below, but it is hard to read at this level of magnification (again, this image from Defendant's Redhook Brewlab's Instagram page was taken prior to April 20, 2024).  Redhook Brewlab purchased multiple No-Li "Big Juicy" kegs as recent as January and February of 2024.



23.     On April 17, 2024, No-Li became aware that Defendant was planning on releasing a Big Juicy Ballard beer to compete with No-Li's Big Juicy beer in the Northwest and nationwide.  On that same day No-Li founder John Bryant sent an email to the president of Defendant American Beverage Crafts to notify him of No-Li's trademark rights in the Big Juicy name for beer and make him aware of No-Li's U.S. Trademark Registration.  Also on that same day, No-Li's attorney sent a notification letter to the General Counsel of Tilray, Mitchell Gendel and to Defendant's president, Ty Gilmore, also notifying them of No-Li's trademark rights in Big Juicy and No-Li's U.S. Trademark Registration.  In each of the forenamed communications, No-Li's representative sought a telephone conversation with the Defendant's representatives, which has gone unanswered.

Complaint for Trademark Infringement
and Unfair Competition - 10

24.     After initially learning about the prospective infringement of No-Li's trademark rights in Big Juicy, No-Li representatives then learned that on multiple occasions others in the industry, such as beer distributors, had voiced to Defendant's representatives that Defendant's introduction and marketing of its Big Juicy beer would conflict No-Li's existing use of "Big Juicy" (possibly as early as January 2024).  Even though Defendant and its representatives were on notice of the prospective infringement of the No-Li trademark rights, Defendant willfully and intentionally chose to proceed in complete disregard for No-Li's trademark rights in "Big Juicy".

25.     No-Li also then learned that Defendants had been marketing and promoting its Big Juicy beer through its distribution channels and on social media for some time.  Defendant has commenced selling its Big Juicy beer.

26.     The Defendant's presentations and uses of the trademark big juicy has thus far taken multiple forms, some presenting "big juicy" adjacent to and in combination with the geographical term "Ballard", and others using "big juicy" by itself in a prominent way, with the geographical term Ballard remote from "big juicy".  It is well known in the Northwest that the term "Ballard" refers to a neighborhood or district in the Seattle, Washington area and was the geographical location of the original brewery for the RedHook brand.

27.     No-Li has since received numerous calls from businesses and people in the beer and craft beer industry notifying No-Li of the Defendant's proposed use and present use, and expressing concern for the confusion that will result in the marketplace by potential consumers, consumers and the public.

28.     The following is a photographic image of one example of the Defendant's promotion of the big juicy trademark standing alone and not adjacent to Ballard:

Complaint for Trademark Infringement
and Unfair Competition - 11

29.    The photographic image below was taken from the RedHook Brewlab on April 20, 2024, showing a beer can and a coaster displaying the big juicy trademark as used by Defendant.    It is clear from this photographic image that the Defendant is predominantly featuring the words "Big Juicy" in the largest font on the can and coaster, with Ballard included below in a different font and less conspicuously (perhaps suggesting the beer is from Ballard).

Complaint for Trademark Infringement
and Unfair Competition - 12



30.     The following is a photographic image from the RedHook Brewlab taken on April 20, 2024, of the "Front Bar List" and shows the display of the Defendant's use and promotion of Big Juicy Ballard.  Notably, the RedHook brew pub in Seattle previously carried and promoted the No-Li Big Juicy beer.  Representatives of the Redhook Brewlab now inform customers and potential purchasers who attempt to order No-Li's "Big Juicy" beer that it no longer carries No-Li's Big Juicy beer – but it does have its own Big Juicy.

Complaint for Trademark Infringement
and Unfair Competition - 13



31.    The photographic image below is an image showing one of the promotions of the Defendant's big juicy Ballard beer, again predominantly featuring Defendant's "big juicy" words in a larger and more eye-catching font, with the geographical term Ballard below it.

Complaint for Trademark Infringement
and Unfair Competition - 14



32.     The Defendant's Big Juicy Ballard beer is now being sold in stores in Washington, on the same shelves as No-Li beer, as shown in the photographic image below.



Complaint for Trademark Infringement
and Unfair Competition - 15

33.    In a recent interview and in reference to Tilray's numerous acquisitions in the beer and beverage industries, Tilray's CEO Irwin Simon stated that, in establishing the beer distribution and brands, it intended to eventually infuse THC and CBD (substances within cannabis) into its beer and other beverages. Apparently Tilray plans on continuing to expand its acquisitions of breweries as a platform to later infuse and further sell its cannabis products. Presumably this includes Defendant's Redhook "Big Juicy" beer.   Tilray's plans would further usurp No-Li's ability to control the use of its "Big Juicy" trademark and No-Li's reputation in the marketplace.

34.    It is also to be expected that people will refer to the Defendant's beer only as "Big Juicy" instead of Big Juicy Ballard. The wait staff at the Redhook BrewLab in fact referred to their beer merely as "Big Juicy".   Furthermore, while it will be referred to as Big Juicy Ballard in many cases, it will continue to also be referred to merely as Big Juicy – i.e. the two phrases have and will become interchangeable.  For example, in promotion of the Defendant's big juicy beer in a well-known beer magazine, Sip Magazine, the Innovation Brewer for the Defendant in part described the beer: "*With its juicy hop profile and robust ABV, Big Juicy packs a tremendous amount of flavor inside a remarkably drinkable beer*".

### FIRST CAUSE OF ACTION

**Infringement of No-Li's "Big Juicy" U.S. Trademark Registration No. 5,302,144**

35.    No-Li alleges and realleges all paragraphs preceding this paragraph as though fully set forth herein.

36.    The Defendant's unauthorized use in commerce of "Big Juicy" as alleged herein is likely to deceive and can confuse consumers as to the origin, source, sponsorship, or affiliation of Defendant's products and services, and is likely to cause consumers to believe, contrary to

Complaint for Trademark Infringement
and Unfair Competition - 16

fact, that Defendant's products are sold, authorized, endorsed, or sponsored by No-Li, or that the Defendant is in some way affiliated with or sponsored by No-Li.  Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

37.    Defendant has committed the foregoing acts of infringement with full knowledge of No-Li's prior common law rights in "Big Juicy" as well as in complete disregard for No-Li's U.S. incontestable trademark registration for "Big Juicy", with the willful intent to cause confusion and to trade on No-Li's well-established goodwill in the Big Juicy trademark and brand.

38.    Defendant's conduct has and will continue to cause immediate and irreparable harm and injury to No-Li, and to its goodwill and reputation, and will further continue to both damage No-Li and confuse the public unless Defendant's conduct is enjoined by this Court.  No-Li has no adequate remedy at law.

39.    No-Li is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### SECOND CAUSE OF ACTION

### Violation of the Lanham Act, 15 U.S.C. §1125
### (federal unfair competition)

40.    No-Li alleges and realleges all paragraphs preceding this paragraph as though fully set forth herein.

41.    The Lanham Act at 15 U.S.C. §1125(a) provides in relevant part:

**(a) Civil action**

Complaint for Trademark Infringement
and Unfair Competition - 17

**(1)** Any person who, on or in connection with any goods or services, . . .  uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

**(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,
. . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

42.     Defendant's unauthorized use in commerce of "Big Juicy" as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's products and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's products and services are sold, authorized, endorsed, or sponsored by No-Li, or that Defendant is in some way affiliated with or sponsored by No-Li.

43.     Defendant's conduct as alleged herein therefore constitutes, without limitation, unfair competition in violation of the Lanham Act, 15 U.S.C. §1125.

44.     Defendant has committed the foregoing acts of infringement with full knowledge of No-Li's prior rights in the Big Juicy mark and with the willful intent to cause confusion, thereby trading on No-Li's well-established notoriety and goodwill in its "Big Juicy" brand.

45.     Defendant's conduct has and will continue to cause immediate and irreparable harm and injury to No-Li, into its goodwill and reputation, and will continue to both damage No-Li and confuse the public unless Defendant's conduct is enjoined by this Court.  No-Li has no adequate remedy at law.

46.     No-Li is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney fees, and costs

Complaint for Trademark Infringement
and Unfair Competition - 18

of the action under the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

47.    The Defendant's conduct has been a willful and an intentional attempt to create confusion and/or the false impression of an affiliation, connection, association or other business/commercial relationship with No-Li, or in reckless disregard therefore.  This conduct by Defendant has also created confusion and/or the false impression that the Redhook Big Juicy beer is affiliated with, connected to, associated with or otherwise connected to No-Li and its "Big Juicy" trademark.

48.    The Defendant's conduct has in fact created actual confusion that the Defendant has an affiliation, connection, association or other business/commercial relationship with No-Li and its Big Juicy trademark.

49.    As a direct and proximate result of Defendant's willful and wrongful conduct as alleged herein, No-Li has and will continue to be damaged in amounts to be proven at trial.  These damages include without limitation, the damage to its goodwill, reputation and the loss of control of its trademark, goodwill and reputation.  No-Li is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under the Lanham Act, together with prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION

**(Washington Common Law Trademark Infringement and Unfair Competition)**

50.    No-Li alleges and realleges all paragraphs preceding this paragraph as though fully set forth herein.

Complaint for Trademark Infringement
and Unfair Competition - 19

51.     Defendant's use of "Big Juicy" constitutes trademark infringement and unfair competition under the common law of the State of Washington. Defendant's use of an identical and such confusingly similar mark to the No-Li Big Juicy mark in connection with the sale, offering for sale, distribution and advertising of products and services is likely to cause, and has caused, confusion, mistake and deception as to the origin of Defendant's products, or the affiliation, sponsorship or other relationship between the parties.

52.     Defendant's use of "Big Juicy" is likely to cause confusion, mistake and deception among consumers related to the origin and quality of products bearing such marks as consumers are likely to believe that Defendant's products and activities are authorized by No-Li.

53.     Defendant's conduct has been and continues to be willful, deliberate and in bad faith and malicious intent to trade on the goodwill associated with No-Li.

54.     Defendant's deceptive acts have had and will continue to have a significant negative impact on actual or potential consumers of No-Li's "Big Juicy" beer.

55.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to No-Li, and to its goodwill and reputation, and will continue to both damage No-Li and confuse the public unless Defendant's conduct is enjoined by this Court.  No-Li has no adequate remedy at law.

56.     No-Li is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action, together with prejudgment and post-judgment interest.

## FOURTH CAUSE OF ACTION

### Violation of Washington's Consumer Protection Act, R.C.W. §19.86

57.     No-Li alleges and realleges all paragraphs preceding this paragraph as though fully set forth herein.

58.     Defendant has violated the Washington Consumer Protection Act §19.86.020, in that Defendant's acts constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

59.     Defendant has, and continues to, engage in unfair and deceptive business practices in trade through the usage of No-Li's "Big Juicy" trademark by using "big juicy" as its trademark, which is confusingly similar to No-Li's trademark rights within the marketplace. Consumers are likely to be confused by Defendant's usage of "Big Juicy" as it is identical to No-Li's "Big Juicy" trademark so as to mislead consumers into believing that Defendant's products are in some way affiliated with No-Li, or just as good tasting as No-Li's award winning "Big Juicy" beer. Defendant has already repeated its acts of infringement to date and its continued acts will be repetitive. Defendant's conduct does not just have the potential for repetition but has already been repetitious and will continue to be so.

60.     Defendant's acts and practices have a negative effect upon the public as consumers are likely to be confused regarding the origin of Defendant's "Big Juicy" beer. Consumers have a right not to be confused or deceived as to the origin of the goods they encounter in the marketplace. Defendant's conduct is confusing and deceptive to the public and its deceptive acts have had and will continue to have a significant negative impact on actual or

Complaint for Trademark Infringement
and Unfair Competition - 21

potential consumers of No-Li's products causing No-Li substantial injury within the marketplace.

61.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to No-Li and to its goodwill and reputation, which will continue to damage No-Li.

62.    Defendant's acts justify the imposition of an award of actual damages, defendant's profits, attorney fees and expenses based upon Defendant's unfair methods of competition and unfair and deceptive acts and practices, and such other injuries and relief as this Court may order.

**IRREPARABLE HARM**

63.    No-Li has spent substantial time, resources, money and efforts to promote and build its "Big Juicy" brand, and has been successful in achieving and maintaining quality of the No-Li Big Juicy trademark and brand, and has become well-recognized in the marketplace therefore.  The No-Li Big Juicy brand has become its most successful brand at this time.

64.    Due to the Defendant's conduct as alleged herein, No-Li has lost the ability to control its reputation, trademark and brand, and the damage will continue to be irreparable so long as the Defendant's promotion, marketing and use of "Big Juicy" continues.

**PRAYER FOR RELIEF**

No-Li therefore prays that the Court enter the following relief:

1.    Judgment that Defendant has infringed the No-Li trademark rights in No-Li's incontestable U.S. Trademark Registration No. 5,302,144, as well as No-Li's common law trademark rights in its "Big Juicy" trademark.

2.    Judgment that Defendant has committed acts of unfair competition under the Lanham Act, 15 U.S.C. §1125.

Complaint for Trademark Infringement
and Unfair Competition - 22

3.      Judgment that Defendant has violated Washington's Consumer Protection Act, R.C.W. 19.86 et. al.

4.      Judgment that Defendant has willfully and intentionally infringed the No-Li trademark rights, and that Defendant has willfully and intentionally engaged in unfair competition under the Lanham Act and under Washington's Consumer Protection Act.

5.      Enter a Preliminary Injunction and a Permanent Injunction, enjoining Defendant from further using the trademark "Big Juicy" in connection with beer or related products/services, and from further using No-Li's "Big Juicy" trademark.

6.      Judgment for an award of all direct and indirect damages in an amount to be proven at trial, including a disgorgement of profits made by the Defendant for the use of the Big Juicy trademark.

7.      For an award of direct and indirect damages in an amount to be proven at trial, including lost profits and a disgorgement of profits made by the Defendant.

8.      For an order requiring the Defendant to issue corrective advertising, including without limitation, by issuing such statements, website postings/notices and social media postings in a form acceptable to No-Li that the Redhook's Big Juicy is not affiliated with, connected to, associated with or otherwise in a business/commercial relationship with No-Li.

9.      Judgment for an award to No-Li of its reasonable attorney's fees and costs incurred in being required to bring this action, including without limitation, pursuant to 15 U.S.C. §1117 and R.C.W. §19.86.090.

10.      Judgment for an award of prejudgment interest.

11.      Judgment for a troubling of damages pursuant to 15 U.S.C. §1117.

12.      Such other and further relief as this Court deems just and equitable.

**TABLE OF EXHIBITS**

The following exhibits are accompanying this complaint:

Exhibit 1:     U.S. Trademark Registration No. 5,302,144

Exhibit 2:     U.S. Trademark Office Acceptance of Incontestability "Big Juicy"

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully demands a trial by jury on all issues so triable.

DATED this 26th day of April, 2024.

                                       s/Mark W. Hendricksen/
                                       MARK W. HENDRICKSEN, WSBA #15,542
                                       WELLS ST. JOHN, P.S.
                                       601 W. Main Avenue, Suite 600
                                       Spokane, WA 99201-0613
                                       TEL:  (509) 624-4276
                                       FAX:  (509) 838-3424
                                       E-Mail:  mhendricksen@wellsstjohn.com

                                       Attorneys for Plaintiffs